IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDON ROBERTS** *ON THE* **BEHALF OF ST. CLAIR C. ROBERTS** | : : : | **CIVIL ACTION** |
| **v.** | : : | |
| **UNITED STATES OF AMERICA, et al.** | : | **NO. 15-4705** |

MEMORANDUM

**PAPPERT, J.**                                                                                                                                          **OCTOBER 2, 2015**

      Brandon Roberts, a prisoner incarcerated at the North Branch Correctional Institution in Maryland, filed this civil action on behalf of his father's estate. In an August 20, 2015 Order, the Court informed Roberts that he was required to either pay the filing and administrative fees or, if he sought to proceed, file a motion *in forma pauperis*. The Order also informed Roberts that an individual who is not an attorney may not proceed *pro se* in a representative capacity and that, if he sought to pursue claims on behalf of his father's estate, he would have to file a declaration establishing that he was the legal representative of the estate and the sole beneficiary. In response to the Court's Order, Roberts filed a motion to proceed *in forma pauperis*, which the Court will grant, and a declaration regarding the status of the estate. For the following reasons, the Court will dismiss the complaint without prejudice.

      As explained in the Court's August 20, 2015 Order, "[t]he federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.'" *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (per curiam) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)). Thus, federal courts generally will only permit a non-attorney to proceed *pro se* in his capacity as the executor or administrator of an estate when he is the sole beneficiary and the estate has no

1

creditors because, in that case, he is not affecting the interests of others.  *Compare Johnson v. Marberry*, 549 F. App'x 73, 75 (3d Cir. 2013) (per curiam) (*pro se* litigant could not prosecute claims on behalf of estate/heirs); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (per curiam) ("[I]f the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court."); *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) ("'[W]hen an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings.'" (quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (alteration in original))) *with Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (holding that "the sole beneficiary of an estate without creditors may represent the estate pro se"); *Guest v. Hansen*, 603 F.3d 15, 17 (2d Cir. 2010) ("[A]n administrator can proceed *pro se* where an estate has neither creditors nor beneficiaries other than the administrator.").  Here, Roberts's declaration establishes that he is not the legal representative of his father's estate and reflects that other beneficiaries maintain an interest in the estate.[1]  Accordingly, the Court must dismiss the complaint because Roberts may not pursue claims on behalf of the estate.  An appropriate order follows, which shall be docketed separately.

---

[1] Roberts's declaration reflects that certain beneficiaries maintain their interest in the estate but have agreed to Roberts's representation.  However, that agreement is insufficient to permit Roberts to represent their interests in federal court.  Indeed, even a power of attorney is insufficient to authorize a non-attorney to proceed *pro se* in federal court on behalf of another. *See Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("Faison Williams's power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court.").